# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED ASSOCIATION LOCAL 198 PENSION FUND; UNITED ASSOCIATION LOCAL 198 WELFARE FUND; UNITED ASSOCIATION LOCAL 198 EDUCATION FUND; UNITED ASSOCIATION LOCAL 198 ANNUITY FUND; AND UNITED ASSOCIATION LOCAL UNION NO. 198 | CIVIL ACTION NO.: 19-403-SDD-SDJ |

VERSUS

STEVENS PLUMBING & PIPING, LLC

## ORDER

Plaintiffs, United Association Local 198 Pension Fund ("Pension Fund"); United Association Local 198 Welfare Fund ("Welfare Fund"); United Association Local 198 Education Fund ("Education Fund"); United Association Local 198 Annuity Fund ("Annuity Fund") (collectively "the Funds"); and United Association Local Union No. 198 ("Local 198") (collectively, "Plaintiffs") filed a *Motion for Default Judgment*.[1] The sole Defendant is Stevens Plumbing & Piping, LLC ("Stevens" or "Defendant"), and Defendant has never appeared in this matter or filed an *Opposition* to Plaintiffs' *Motion for Default Judgment* despite being personally served on June 29, 2019.[2] Plaintiffs moved for the Clerk of Court's entry of preliminary default,[3] which was granted on August 14, 2019.[4] Plaintiffs now move for a *Judgment of Default* and seek damages totaling $51,574.52.[5]

---

[1] Rec. Doc. No. 11.
[2] Rec. Doc. No. 4.
[3] Rec. Doc. No. 5.
[4] Rec. Doc. No. 7.
[5] Rec. Doc. No. 11-1 at 9.
60226

This case arises out of a claim for delinquent fringe benefit contributions and union dues/assessments allegedly due to the Plaintiffs under §§ 502(a),(e), and (f) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 (a), (e) and (f) and 1145, and § 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a).[6] On a motion for a default judgment, a defaulting defendant "concedes the truth of the allegations of the Complaint concerning the defendant's liability, but not damages."[7] A court's award of damages in a default judgment must be determined after a hearing, unless the amount claimed can be demonstrated "by detailed affidavits establishing the necessary facts."[8] If a court can mathematically calculate the amount of damages based on the pleadings and supporting evidence, a hearing is unnecessary.[9]

Here, one of the items sought by Plaintiffs is the collection of delinquent contributions of fringe benefits allegedly owed by Defendant to the Funds. In their motion, Plaintiffs offer evidence of the sought-after award for delinquent contributions by citing to the applicable contractual language that allegedly obligates Defendant to pay the contributions and by offering the affidavit testimony of Suzonne Maglonne, the plan administrator for the Funds, who testified to the applicable contribution rates and the delinquent years at issue. The rates are a defined dollar amount per hour of work. Plaintiffs provide the applicable rates, but Plaintiffs do not provide the hours of work. For example, Plaintiffs state that Defendant failed to remit contributions for June

---

[6] Rec. Doc. No. 1 at 1.
[7] *Ins. Co. of the W. v. H & G Contractors, Inc.*, 2011 WL 4738197, *4 (S.D. Tex., Oct. 5, 2011).
[8] *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir.1979).
[9] *Joe Hand Promotions, Inc. v. Alima*, No. 3:13–CV–0889–B, 2014 WL 1632158, at *3 (N.D.Tex. Apr. 22, 2014) (citing *James v. Frame*, 6 F.3d 307, 310 (5th Cir.1993)).
60226

2016 to December 2017; that the rate for contributions to the Pension Fund were $6.90/hour from June 2016 to September 2016, $7.25/hour from September 2016 to August 2017, and $7.60/hour from September 2017 to August 2018; and the total delinquent contribution for this time period due to the Pension Fund is $19,709.69. However, Plaintiffs do not state how many hours were at issue for this time period in order for the Court to mathematically calculate the amount of contributions owed at the rates provided. Further, Plaintiffs do not point to record evidence supporting all pieces of the necessary mathematical calculation, *i.e.*, the hours worked. The same holds true for the contributions to the other Funds.

By the same token, Plaintiffs also seek an award for working assessments. Plaintiffs state that the applicable agreement requires working assessments of 4% of gross pay and points to the record evidence supporting this claim and rate. However, Plaintiffs do not provide the gross pay in order for the Court to make the necessary mathematical calculation.

Further, the exhibit to Plaintiffs' motion, Rec. Doc. No. 11-2, is missing pages 6 and 100-105, as well as Exhibit 2 to the affidavit in its entirety.

**IT IS ORDERED** that Plaintiffs direct the Court to the missing information described above for the pertinent time period of June 2016 to December 2017 and to the record evidence supporting this information. If this information does not already exist in the record, the Court ORDERS that Plaintiffs supplement the record with the missing information within five (5) days of this Order. Plaintiffs are also ORDERED to supplement the record with the missing pages and exhibit described above within five (5) days of this Order.

60226

Plaintiffs' failure to timely comply with this Order may result in a denial of the Motion for Default Judgment.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on May 7, 2020.

**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**